UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E-ADVANCE SERVICES, LLC,
d/b/a CANACAP,

     Plaintiff,

v.                                          Case No. 8:23-cv-2466-KKM-NHA

YOUR ANSWER SOLUTIONS
CENTER, INC., and HECTOR
ZUNIGA,

     Defendants.

_____/

## ORDER

Plaintiff's motion for entry of Clerk's default (Doc. 21) is granted. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is directed to enter default against Your Answer Solutions Center Inc. ("YAS") and Hector Zuniga.

On October 27, 2023, Plaintiff E-Advance Services, LLC, brought this suit alleging breach of contract against YAS, and breach of personal guaranty against Mr. Zuniga. Doc. 1. Plaintiff served both Defendants on November 8, 2023. Doc. 14. Defendants have failed to answer or otherwise respond, and Plaintiff timely moves for entry of clerk's default against them (Doc. 21).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

However, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). And, "[g]enerally, where service of process is insufficient, the court has no power to render judgment.*" In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).

### Service on Hector Zuniga

Federal Rule of Civil Procedure 4(e) governs the service of process on individuals. It provides that a party may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally." FED. R. CIV. P. 4(e)(2)(A).

As to Mr. Zuniga, Plaintiff did just that. Doc. 14, p. 2. On November 8, 2023, the process server delivered a copy of the summons and complaint to Mr. Zuniga, personally, at his residence. *Id.*

### Service on YAS

Federal Rule of Civil Procedure 4(h)(1) provides two methods by which a corporation may be served within the United States, one of which is by service in accordance with the law of the state where the district court is located or where service is made. FED. R. CIV. P. 4(h)(1)(A), (e)(1).

Florida law provides that a party may serve a corporation by "service on its registered agent designated by the corporation." Fla. Stat. Ann. § 48.081(2).

The Florida Department of State, Division of Corporations records list YAS's registered agent as Hector Zuniga with an address of 12046 Forest Park Circle, Lakewood Ranch, Florida 34211.[1] Plaintiff served YAS by leaving the required documents with Mr. Zuniga, at the listed address, and informing him "of the contents thereof." Doc. 14, p. 1.

<u>Default</u>

Plaintiffs served both Defendants on November 8, 2023. Defendants were required to answer or respond by November 29, 2023. FED. R. CIV. P. 12(a)(1)(A). Neither Defendant has answered or otherwise demonstrated an intent to defend this suit, and the time to do so has expired.

The Court directed Plaintiff to move for clerk's default by February 7, 2024 (Doc. 20), and Plaintiff did so on February 5, 2024, (Doc. 21). The motion is due to be granted.

---

[1] Records of the Florida Department of State, Division of Corporations, are available at www.sunbiz.org, a verified website of a public agency. Federal Rule of Evidence 201 permits courts to take judicial notice of "a fact that is not subject to reasonable dispute because it[ ] ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d).

<u>Conclusion</u>

Because Plaintiff has served both Defendants, neither Defendant has timely responded, and Plaintiff has timely moved for Clerk's default, Plaintiff's motion (Doc. 21) is GRANTED.

The Clerk is DIRECTED to enter default against Defendants YAS and Hector Zuniga.

Pursuant to Local Rule 1.10(c), Plaintiff shall, within 35 days of entry of the Clerk's default, apply for default judgment or file a paper identifying each unresolved issue necessary to entry of the default judgment.

ORDERED on February 12, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

4