UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

E-ADVANCE SERVICES, LLC,
d/b/a CANACAP,

    Plaintiff,

v.                                       Case No. 8:23-cv-2466-KKM-NHA

YOUR ANSWER SOLUTIONS
CENTER, INC., and HECTOR
ZUNIGA,

    Defendants.
_____/

## **ORDER**

Plaintiff's motion for Default Judgment against Defendants Your Answer Solutions Center Inc. ("YAS") and Hector Zuniga (Doc. 26) is denied without prejudice.

On October 27, 2023, Plaintiff E-Advance Services, LLC, brought this suit alleging breach of contract against YAS, and breach of personal guaranty against Mr. Zuniga. Doc. 1. Plaintiff served both Defendants on November 8, 2023. Doc. 14. After Defendants failed to timely respond, Plaintiff moved for entry of clerk's default against both Defendants under Federal Rule of Civil Procedure 55(a). Doc. 21. The Court granted the motion (Doc. 23) and the Clerk entered default against both Defendants (Docs. 24, 25).

Now, Plaintiff brings a motion for entry of final default judgment against both Defendants under Rule 55(b)(2). Doc. 26. But Plaintiff's motion fails to comply with the Federal Rules of Civil Procedure and the Middle District of Florida's Local Rules.

First, the Middle District of Florida's Local Rules dictate that a motion include "a legal memorandum supporting the request." M.D. Fla. R. 3.01(a). Rule 7 of the Federal Rules of Civil Procedure similarly demands that a motion "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B).

Second, Plaintiff merely cites Rule 55(b)(2) and asserts without elaboration that it is owed $94,287.00 from Defendants, and, therefore, it is entitled to default judgment. Doc. 26, p. 2. But Plaintiff is not entitled to entry of a default judgment merely because a Clerk's default has been entered against Defendants. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (A defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Rather, Plaintiff must establish that the factual allegations in the complaint are sufficient, under governing law, to establish that (1) the Court has jurisdiction over this case, and (2) Defendants are liable for each of the claims for which Plaintiff seeks default judgment. *Id.*; *see also Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S.

694, 702 (1982) (a court must establish jurisdiction before rendering a judgment).

Accordingly, Plaintiff's motion for default judgment (Doc. 26) is **DENIED WITHOUT PREJUDICE**.

Plaintiff is granted leave to file a Motion for Default Judgment against Defendants on or before April 25, 2024, that comports with the Local and Federal Rules.

**ORDERED** on March 25, 2024.

_Natalie Hirt Adams_
NATALIE HIRT ADAMS
United States Magistrate Judge